|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | UNITED STATES DISTRICT COURT |
| 9 | | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

| | | |
|---|---|---|
| IRA RAY DEAN HARTFORD IV, | | |
| Plaintiff, | | CASE NO. 3:19-cv-05757 RBL-JRC |
| v. | | ORDER DIRECTING PLAINTIFF TO CORRECT DEFICIENCIES IN *IN FORMA PAUPERIS* APPLICATION |
| GRAYS HARBOR COUNTY OFFICIALS, *et al.*, | | |
| Defendants. | | |

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint. *See* Dkt. 6. Because plaintiff does not clearly specify whether he seeks relief through a habeas petition or a § 1983 action, the undersigned orders plaintiff to amend his IFP application by filing either a completed § 1983 form or a completed § 2241 form in this matter.

///

///

///

ORDER DIRECTING PLAINTIFF TO CORRECT
DEFICIENCIES IN IN FORMA PAUPERIS
APPLICATION - 1

## DISCUSSION

Plaintiff states that defendants jailed him for 121 days without "his right to appear before a judge" as a pretrial detainee, which he alleges was a violation of due process. *See* Dkt. 1-1, at 1. It is unclear what court appearance plaintiff claims he did not receive.

It is also unclear from plaintiff's proposed complaint whether plaintiff seeks to proceed with this matter as a civil action for relief from unlawful conditions of confinement under 42 U.S.C. § 1983 or whether plaintiff seeks to challenge the validity of his confinement through a habeas petition. Although some of plaintiff's IFP application is on the § 1983 form (*see* Dkt. 1, at 1–3), a portion of the application appears to be on a form for filing a habeas petition. *See* Dkt. 1-1, at 3. And although plaintiff seeks damages—a form of relief in a § 1983 action—he also appears to be challenging whether his continued incarceration is valid—a form of relief usually associated with a habeas petition—by claiming that he is being held in violation of due process and requesting that this Court assume jurisdiction over his criminal proceedings. *See* Dkt. 1-1, at 2–3.

A pretrial detainee may bring an action under § 1983 for "constitutional questions regarding the . . . circumstances of [his] confinement[.]" *See Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003)). A prisoner who seeks monetary damages because of an alleged violation of constitutional rights must file a civil rights action pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994); *see also Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."). Importantly, however, "when a state

1 prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

If plaintiff is challenging the validity of his continued pretrial detention, then the appropriate course of action is for him to file a habeas petition under 28 U.S.C. § 2241. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) ("[B]ecause Petitioner is a pretrial detainee, he is not being held 'pursuant to the judgment of a State court.' 28 U.S.C. § 2254. Therefore, his claims falls under 28 U.S.C. § 2241."). An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself[.]" *Preiser*, 411 U.S. at 503.

Thus, if plaintiff wishes to proceed on claims to challenge the fact or duration of his custody under § 2241, he must file a § 2241 petition on the form provided by the Court. If plaintiff is seeking to challenge something other than the fact or duration of his confinement—for instance, if he is seeking damages for conditions of confinement in violation of the U.S. Constitution—then he should file a § 1983 complaint on the form provided by the Court.

## CONCLUSION AND DIRECTIONS TO CLERK

Because the filing fees for § 2241 and § 1983 actions are different, the Court declines to rule on plaintiff's IFP application until plaintiff has clarified the nature of his suit. The Court directs the Clerk's Office to re-note plaintiff's IFP application for **November 18, 2019** and to send plaintiff a copy of this Order, the forms for filing a § 1983 and a § 2241, and the Court's prisoner litigation guide.

Plaintiff shall file either a completed § 1983 complaint or a § 2241 petition on or before November 18, 2019. Failure to do so or to otherwise show cause shall be treated as a failure to prosecute this matter and may result in dismissal of this case.

Dated this 21st day of October, 2019.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge