UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRA RAY DEAN HARTFORD IV,

  Plaintiff,

  v.

GRAYS HARBOR COUNTY OFFICIALS, *et al*,

  Defendants.

CASE NO. 3:19-cv-05757-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **February 28, 2020**

This matter is before the Court on its order to provide an amended proposed complaint in support of the *in forma pauperis* ("IFP") application in this matter and plaintiff's amended and second amended proposed complaint. *See* Dkts. 11, 12, 13.

Plaintiff has repeatedly been offered opportunities to amend his proposed complaint, yet every proposed complaint that he has filed with this Court has failed to state a plausible claim of entitlement to relief. Therefore, the undersigned recommends denying the motion to proceed IFP and dismissing the matter without prejudice.

**BACKGROUND**

Plaintiff initiated this matter under 42 U.S.C. § 1983 in August 2019, while he was

REPORT AND RECOMMENDATION - 1

incarcerated. *See* Dkt. Plaintiff has since been released from incarceration.

Upon review of plaintiff's IFP application in this matter, the Court was unable to determine whether plaintiff sought to proceed through a habeas petition or a § 1983 action, since plaintiff appeared to be challenging the validity of his continued confinement. *See* Dkt. 7, at 2. The Court ordered plaintiff to show cause or file a completed § 1983 complaint or § 2241 petition, or the court would recommend dismissal of the matter. *See* Dkt. 7, at 4.

Plaintiff responded to the show cause order, although he failed to complete either the § 1983 or § 2241 petition as directed by the Court. *See* Dkt. 11, at 2. Instead, he simply filed a two-page document that appeared to be a timeline of events related to this matter. *See* Dkt. 11, at 2. The Court offered plaintiff an opportunity to correct the deficiencies in his proposed complaint and directed the clerk's office to send plaintiff a copy of the Court's form complaint for an alleged civil rights violation. *See* Dkt. 11, at 3. Again, the Court warned plaintiff that failure to comply could result in dismissal of the matter. *See* Dkt. 11, at 3.

In response to the show cause order, plaintiff filed an amended proposed complaint against "Grays Harbor Officials" (*see* Dkt. 12, at 2) for violation of his right to a speedy trial, lack of due process, and other constitutional violations. *See* Dkt. 12, at 3. Plaintiff alleges that defendants—who he does not otherwise identify—retaliated against him by holding him for 120 days without allowing him to meet with an attorney or a judge after he brought "counter claims against" the officials. *See* Dkt. 12, at 4, 6. Although the underlying factual allegations are unclear, it appears that plaintiff is alleging that the officials—who are not identified—"took part in" holding him in jail when he was "suppose[d] to be in Court" after he was arrested for a "faulty bench warrant, from a[n] allegation, which took place in '2010', and had been resolved, dismissed and expunged in 2012." Dkt. 12, at 20. Plaintiff also filed a second amended

1  proposed complaint, stating that "Grays Harbor Municipal Actors" "acted to deny [plaintiff] the
2  rights afforded by commerce of the land." Dkt. 13, at 2.

## DISCUSSION

4  Where a plaintiff seeks to proceed IFP, 28 U.S.C. § 1915, regarding IFP proceedings,
5  applies.  That statute requires a court to dismiss a complaint if the court determines that "the
6  action or appeal . . . fails to state a claim on which relief can be granted." 28 U.S.C. §
7  1915(e)(2)(B)(ii).

8  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its
9  face. *See Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has "facial plausibility" when
10  the party seeking relief "pleads factual content that allows the court to draw the reasonable
11  inference that the defendant is liable for the misconduct alleged." *Id.*

12  Although plaintiff has now filed three proposed complaints, none of them have clearly
13  and plausibly explained the factual allegations undergirding plaintiff's claims.  Plaintiff's
14  amended complaint references "due process" and the "right to a speedy trial"—yet it remains
15  unclear what the underlying factual allegations are.  Plaintiff's repeated statements that he was
16  held in jail in violation of due process are inadequate; similarly, his repeated reference to Grays
17  Harbor County officials is insufficient.  Plaintiff must show that officials personally participated
18  in the alleged constitutional violations at issue.  That is, plaintiff must either explain how
19  officials in their official capacities acted pursuant to municipal policy, practice or custom,
20  causing the alleged constitutional deprivation (*see Gillette v. Delmore*, 979 F.2d 1342, 1346–47
21  (9th Cir. 1992)), or how each individual defendant personally participated in the alleged
22  constitutional deprivation at issue.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
23  Having not identified which officials he is suing, how they acted, or indeed any of the facts

1 | underlying his claims in a manner that is plausible and decipherable, plaintiff has failed to meet
2 | this pleading standard.

3 | The Court has offered plaintiff two opportunities to amend his complaint to state a
4 | plausible claim for entitlement to relief, yet plaintiff has failed to do so.  Therefore, the
5 | undersigned finds that further opportunities to amend would be futile.  The motion to proceed *in*
6 | *forma pauperis* should be denied, the proposed amended complaints should be stricken from the
7 | docket, and the matter should be dismissed without prejudice.

## CONCLUSION

9 | For the reasons set forth above, the Court recommends denying the IFP motion, striking
10 | the proposed complaints, and dismissing this matter without prejudice, pursuant to 28 U.S.C. §
11 | 1915(e)(2)(B)(ii).

12 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 | fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
14 | 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
15 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
16 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
17 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
18 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 28,**
19 | **2020,** as noted in the caption.

20 | Dated this 13th day of February, 2020.

_____
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4